# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HECTOR A. GUTIERREZ,

      Petitioner,

vs.                                    No. CV 20-00803 KG/GJF

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the Motion for Temporary Restraining Order and Emergency Writ of Habeas Corpus filed by Petitioner, Hector A. Gutierrez (Doc. 1) ("Petition"), which the Court construes as a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. The Court will dismiss the Petition as moot.

### Factual and Procedural Background

Petitioner Gutierrez is a detainee awaiting sentencing in case no. CR 20-01404 KG. Petitioner filed his Petition on August 11, 2020 in response to the Court's order revoking conditional release and returning Petitioner to custody of Diersen Charities halfway house in CR 20-01404. (Doc. 1 at 1). Petitioner sought a writ of habeas corpus to return him to conditional release. (Doc. 1 at 3).

In case no. CR 20-01404, the Court entered an Order on August 6, 2020, modifying Petitioner's conditions of release and placing him in the custody of Diersen Charities. (CR 20-01404, Doc. 44). Petitioner was released to the custody of Diersen Charities on August 25, 2020. (CR 20-01404, Doc. 55). On October 22, 2020, Petitioner filed an Unopposed Motion to Modify Conditions of Release in CR 20-01404, seeking approval to live at a rented apartment

1

approved by Pretrial Services. (CR 20-01404, Doc. 57). The Court granted Petitioner's Motion on October 23, 2020, striking the requirement that he be placed in custody of Diersen Charities and adding the condition that he reside at an address approved by Pretrial Services. (CR 20-01404, Doc. 58).

## **Petitioner's Claims are Moot**

In his petition, Gutierrez sought a writ of habeas corpus to be released from the custody of Diersen Charities and returned to conditional release. (Doc. 1). When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

In this case, the Court's October 23, 2020 Order in CR 20-01404 provided Gutierrez the relief he sought, released him from the custody of Diersen Charities, and returned him to conditional release. (CR 20-01404, Doc. 58). Petitioner Gutierrez is no longer in the custody he sought to alter and there is no longer any case or controversy that can be remedied through a § 2241 proceeding. *Spencer v. Kemna*, 523 U.S. at 7–8. Gutierrez's Petition no longer presents any case or controversy and will be dismissed as moot. *Lewis,* 494 U.S. at 477; *Preiser v. Newkirk,* 422 U.S. at 401.

**IT IS ORDERED** that the Motion for Temporary Restraining Order and Emergency Writ of Habeas Corpus filed by Petitioner, Hector A. Gutierrez (Doc. 1) is **DISMISSED** as moot.

UNITED STATES DISTRICT JUDGE

3